––––––––––

IN RE BOND.

––––––––––

PATENTS; PATENTABILITY.

> The invention of a method of manufacturing cork articles, consisting of applying a binder to a mass of pieces of cork, packing the mass in a mold without substantial densification of the cork, and then heating the mass while confined in the mold, but which method in its practical operation does to some extent densify the cork, is anticipated by patents calling for a similar method of manufacturing cork articles, one of which calls for a compression of the mass of cork to about one third of its original volume, and the other calls for two methods, one calling for a compression of the material so as to reduce it to about one half of its original bulk, and the other calling for no compression,—especially where the applicant's claims and

disclosures draw no lines of distinction between the degree of compression applied by him and that used by the patentees.

No. 996.    Patent Appeals.    Submitted November 11, 1915.    Decided December 6, 1915.

HEARING on an appeal from the decision of the Commissioner of Patents rejecting an application for a patent.    *Affirmed.*

The facts are stated in the opinion.

*Mr. Marshall A. Christy* for the appellant.

*Mr. Minnott E. Porter* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal brings up for review the decision of the Commissioner of Patents refusing applicant, Samuel C. Bond, letters patent for an alleged new method of manufacture of cork articles.

The claims illustrative of the invention are as follows:

"1. The method herein described, which consists in applying a binder to a mass of pieces of cork, packing the mass in a mold without substantial densification of the cork, and then heating the mass while confined within the mold."

"6. The method herein described, which consists in applying a binder to a mass of pieces of cork, gradually building up an article therefrom, by successively feeding and tamping portions of the mass in a mold without substantial densification of the cork, and then finishing the articles by heat and internal pressure."

"10. As a new article of manufacture, a molded body composed of small pieces of cork and a binder, the pieces being cemented together and the article formed without substantial densification of the cork, and the article as a whole characterized by a density substantially the same as that of an integral body of natural cork."

The article of manufacture consists of a stick of compressed cork granules held together by a solution which forms a binder, having substantially the density of natural cork. The sticks thus formed are cut into small disks, which are inserted into metal caps used for sealing bottles. The process of manufacture is described in the opinion of the Examiners in Chief, as follows: "In carrying out this method the cork granules are mixed with a suitable binder, in this case a mixture of water, glue, and glycerine; exposed in a mass or in a closed box to the air to allow the binder to gelatinize or become but slightly adhesive; treated with a coagulant to render the binder insoluble; tamped into a mold without substantial densification of the cork and confined therein by a plug; heated and allowed to expand without change of its total volume, and finally treated to a hot bath of water and glycerine to remove the surplus coagulant."

The tribunals of the Patent Office refused applicant a patent on reference to a patent to one Jones, dated November 17, 1908, and a British patent to one Rodes, of 1905. The machine used by applicant for producing the article of manufacture is very similar to that used by Jones. In the Jones patent, the cork granules are mixed with the binder and exposed to the air, or heated to allow the volatile solvent to escape, and thus coagulate. Then it is tamped into a mold consisting of a tube similar to that used by applicant; then, by an additional process, Jones compresses the contents of the mold to about one third of its original volume, when it is heated in the mold.

The British patent describes two methods of making compressed cork. A mold is filled with the cork solution; then closed and heated; thus, in the same manner described by applicant, expanding the cork within the mold sufficiently to solidify the cork and produce a regular, uniform mass. The patent describes an additional method by which the same result can be obtained in a greater degree by compressing the material in the mold to reduce it to about one half its original bulk.

Applicant attempts to distinguish the references, in that his article is made "without substantial densification of the cork." He does, however, to some extent densify the cork by the tamp-

ing process employed in filling the tube, and still more by inserting the stopper into the tube before subjecting it to the heat. True, Jones, in his specification, indicates that considerable pressure is applied to the cork composition; but elsewhere he refers to the packing being done without substantial densification of the cork, and he also says that articles produced "have great elasticity in the direction of the line of compression, that is to say, in the direction of the thickness of the cork disks." He also specifies that his cork has "substantially the same resiliency as natural cork."

Of course, the object of all these inventors is to produce an article with just the strength and resiliency necessary to meet the requirements of the particular use to which the finished article is put. This may vary; but either Rodes, Jones, or applicant, by application of the simplest sort of mechanical skill, can so adjust the process of manufacture as to produce an article with the exact amount of density required. Applicant's disclosure and claims draw no line of distinction between the decree of compression applied by him and that used by Rodes and Jones. It is, after all, a mere matter of degree, which can be attained easily by the application of mechanical skill.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                                   *Affirmed.*